

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICHARD JOHN CHARLES GALUSTIAN,

      Plaintiff,

   v.

LAWRENCE T. PETER,

and

UNITED STATES OF AMERICA,

      Defendants.

ACTION NO.  2:08cv59

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on several outstanding motions from each of the parties. On May 12, 2011, defendant the United States of America ("United States") filed a Motion to Dismiss for lack of subject matter jurisdiction, claiming that the plaintiff, Richard John Charles Galustian ("Galustian"), failed to file an administrative claim as required by 28 U.S.C. § 2675. In that Motion, the United States also moved to dismiss the Verified First Amended Complaint (the "Amended Complaint") against it on the alternative grounds that Galustian's claims fall under two exceptions to the Federal Tort Claims Act's ("FTCA") waiver of sovereign immunity.[1] On June 13, 2011, defendant Lawrence T. Peter ("Peter") filed a Second Motion to Drop Party and Dismiss Plaintiff's

---

[1] Specifically, the United States argues that Galustian's claims are barred by the intentional tort exception of 28 U.S.C. § 2680(h) and the foreign country exception of 28 U.S.C. § 2680(k).

Amended Complaint.  Peter asks that the court dismiss the United States from the litigation, and then dismiss the action against him on the grounds of <u>forum non conveniens</u> or, in the alternative, for failure to state a claim upon which relief can be granted.  On June 16, 2011, Galustian filed a Motion for Review of Certification, Leave to Conduct Discovery and Evidentiary Hearing on Col. John J. Holly's ("Holly") Scope of Employment, and to Reinstate Holly as a Defendant ("Motion for Review of Certification").  These matters have been fully briefed and are all now ripe for review.

## I. Factual and Procedural History

The relevant factual history is set forth in detail in the court's June 18, 2008, Memorandum Opinion, the court's August 11, 2008, Clarification Order, the court's December 12, 2008, Memorandum Dismissal Order, and the court's November 9, 2010, Memorandum Opinion, and it need not be repeated herein.  <u>See</u> <u>Galustian v. Peter</u>, 561 F. Supp. 2d 559 (E.D. Va. 2008) ("<u>Galustian I</u>"); <u>Galustian v. Peter</u>, 570 F. Supp. 2d 836 (E.D. Va. 2008) ("<u>Galustian II</u>"); <u>Galustian v. Peter</u>, 590 F. Supp. 2d 804 (E.D. Va. 2008) ("<u>Galustian III</u>"); <u>Galustian v. Peter</u>, 591 F.3d 724 (4th Cir. 2010) ("<u>Galustian IV</u>"); <u>Galustian v. Peter</u>, 750 F. Supp. 2d 670 (E.D. Va. 2010) ("<u>Galustian V</u>").  Likewise, relevant, detailed procedural history prior to November 9, 2010, is set forth in those opinions and need not be repeated herein.  In brief review, the court previously

2

dismissed this action on two occasions, without prejudice, on the basis of forum non conveniens. In the first instance, the Fourth Circuit reversed and remanded, finding that Galustian was entitled to amend his complaint without leave of this court, and, therefore, this court's dismissal on the grounds of forum non conveniens was premature. Galustian IV, 591 F.3d at 730-31.[2] Most recently, the court dismissed the action on November 9, 2010, after finding that it lacked personal jurisdiction over Holly, and that the action should be dismissed as to Peter on the grounds of forum non conveniens. See Galustian V, 750 F. Supp. 2d at 678 (noting that "now that Holly has been dismissed from the litigation . . . the court need only determine whether Iraq is available as to Peter, the remaining defendant").

On December 9, 2010, Galustian filed a Notice of Appeal from this court's Memorandum Opinion of November 9, 2010. On January 6, 2011, Neil H. MacBride ("MacBride"), United States Attorney for the Eastern District of Virginia, certified that "[o]n the basis of the information now available with respect to the claims set forth [in Galustian's Amended Complaint] . . . Holly[] was acting within the

---

[2]     The Fourth Circuit "express[ed] no opinion as to the substance of the forum non conveniens issue," Galustian IV, 591 F.3d at 731, but did offer this court "some guidance," which this court utilized in its second opinion dismissing the case. See Galustian V, 750 F. Supp. 2d at 680-81.

scope of federal office or employment at the time of the incident out of which the plaintiff's claims arose." Ex. 1 to Mem. in Supp. of United States' Mot. to Dismiss, ECF No. 102-1 [hereinafter Certification].[3]  Accordingly, on January 19, 2011, the United States moved the Fourth Circuit to dismiss the action against Holly, to substitute the United States for Holly as defendant/appellee, and to remand the case to this court. See 28 U.S.C. § 2679(d)(1) (providing that "[u]pon certification by the Attorney General . . . any civil action or proceeding commenced upon such claim in [federal court] shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant"). In an order filed March 16, 2011, the Fourth Circuit granted that motion and remanded the case for further proceedings. On May 12, 2011, this court vacated its Memorandum Opinion of November 9, 2010, and directed the Clerk to substitute the United States for Holly, pursuant to the Fourth Circuit mandate issued on May 10, 2011.

## II. Analysis

### A. Galustian's Motion for Review of Certification[4]

Seeking Holly's reinstatement as a defendant, Galustian

---

[3]   MacBride also certified that he was "familiar with the allegations made in [the Amended Complaint]." Certification.

[4]   The court addresses this motion first because it affects disposition of other motions before the court.

4

challenges MacBride's Certification that Holly was acting within the scope of federal office or employment at the time of the incident out of which Galustian's claims arose. To that end, Galustian requests that this court permit him to conduct discovery on the issue and that it hold an evidentiary hearing. The Fourth Circuit already ruled on the substitution issue upon proper motion brought by the United States. See Order, ECF No. 97 [hereinafter Fourth Circuit Order] ("We grant the motion . . . ."); see also Jordan v. Hudson, 879 F.2d 98, 100 (4th Cir. 1989) (substituting the United States as defendant).[5] Galustian cannot seek another "bite at the apple" in the district court on the same issue. It would be eminently improper for this court to entertain a de facto motion for reconsideration of a Fourth Circuit decision. Cf. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (finding that a party cannot relitigate issues previously decided on direct appeal). Accordingly, Galustian's Motion for Review of Certification is **DENIED as MOOT**.[6]

---

[5]    Indeed, Galustian "noted his objection to the Certification [in response to the United States' motion for substitution], and requested on remand an opportunity to object to the Certification and to conduct discovery on the issue of Holly's scope of employment." Mem. in Supp. of Mot. for Review of Certification ¶ 6, ECF No. 111. However, the Fourth Circuit provided no indication that it granted substitution subject to further review by this court.

[6]    In any event, Galustian's Motion is meritless. "Once the motion [to substitute] is filed, with the supporting certification,

B. United States' Motion to Dismiss

A federal court must have subject matter jurisdiction over a lawsuit in order for the court to have the power to award relief. See First Am. Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945, 946 (E.D. Va. 1991). The United States is entitled to sovereign immunity and cannot be sued without its consent. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). Accordingly, the court's jurisdiction over claims against the United States is limited to the terms of the United States' consent to be sued. See id.; Lehman v. Nakshian, 453 U.S. 156, 160 (1981). The FTCA provides a limited

---

the plaintiff must come forward with competent, verified evidence, including affidavits, establishing that the defendant was not acting within the scope of his employment." Wilson v. Jones, 902 F. Supp. 673, 679 (E.D. Va. 1995); see Gutierrez de Martinez v. Drug Enforcement Admin., 111 F.3d 1148, 1153-54 (4th Cir. 1997). "If the plaintiff does not present such evidence, the issue is determined by the United States Attorney's certification." Wilson, 902 F. Supp. at 679 (citations omitted). Galustian only presents his own self-serving allegations from his Amended Complaint, which were formed "on information and belief," rather than on personal knowledge. See Mem. in Supp. of Mot. for Review of Certification ¶ 15. Such allegations are insufficient to challenge certification. See Walker v. Tyler Cnty. Comm'n, 11 F. App'x 270, 274, 2001 WL 603408, at *4 (4th Cir. 2001). Galustian fails to provide the court with any substantiated evidence that contradicts MacBride's Certification. The court does not see what would be gained by an evidentiary hearing and unnecessary discovery, at the expense of both time and resources in already protracted litigation. See Gutierrez, 111 F.3d at 1155 (providing that a district court "should not" allow discovery or conduct an evidentiary hearing "if the certification, the pleadings, the affidavits, and any supporting documentary evidence do not reveal an issue of material fact"). Accordingly, even if this court could consider Galustian's Motion on the merits, it would deny it.

waiver of sovereign immunity for torts committed by agents or employees of the United States acting within the scope of their employment.  See Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995).  As a waiver of immunity, the FTCA is to be "strictly construed, and all ambiguities [] resolved in favor of the sovereign."  Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996) (citations omitted).

The proper procedure for analyzing whether the FTCA confers jurisdiction over an action against the United States is a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See Williams, 50 F.3d at 304.  The plaintiff bears the burden of showing subject matter jurisdiction, see id., by alleging supportive facts.  See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).  The court may also consider facts and exhibits outside of the pleadings without converting the motion to dismiss into a motion for summary judgment.  See Williams, 50 F.3d at 304.

### 1. Failure to Submit Administrative Claim

The United States first argues that Galustian failed to exhaust his administrative remedies.  In order to bring a tort claim against the United States in a federal court, a plaintiff must first "present[] the claim to the appropriate Federal agency," 28 U.S.C. § 2675(a), and that claim must be "finally denied by the agency in

writing and sent by certified or registered mail." Id.; see 28 U.S.C. § 2401 ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."). "It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986); see Kokotis v. United States, 223 F.3d 275, 278 (4th Cir. 2000) ("Precisely because the FTCA constitutes a waiver of sovereign immunity, plaintiffs . . . must file an FTCA action in careful compliance with its terms." (citations omitted)).

Galustian does not deny that he failed to file an administrative claim. Rather, he requests that the court "withhold ruling on the USA's Motion to Dismiss until it has ruled on Galustian's Motion challenging the Certification," Mem. in Opp. to United States' Mot. to Dismiss 4, ECF No. 112, because, if the United States is not entitled to be substituted as a defendant for Holly, "Holly will be reinstated as a defendant in this case and will not have available to him the sovereign immunity defenses that the USA has made." Id. at 3-4.[7] The court has denied Galustian's Motion for Review of

---

[7] Galustian also asserts that "failure to file an administrative claim prior to filing his Amended Complaint against Holly is curable pursuant to 28 U.S.C. § 2675." Mem. in Supp. of Mot. for Review of Certification ¶ 9. Galustian is mistaken. There is no cure

Certification, [8] and, thus, Holly will not be reinstated as a defendant. Galustian does not allege any facts indicating that he filed an administrative claim with any federal agency. [9] Accordingly, the court **FINDS** that Galustian failed to exhaust his administrative remedies before bringing this action in this court.

### 2. Exceptions to FTCA's Waiver of Sovereign Immunity

Galustian did not exhaust his administrative remedies, and thus cannot maintain suit on his claims against the United States. Although this resolves the matter, the United States argues that Galustian's claims against it are also barred by two exceptions to the FTCA's limited waiver of sovereign immunity. [10]  The court

---

provision in 28 U.S.C. § 2675 and no basis to find that the United States' sovereign immunity can be waived, if a plaintiff files an administrative claim after commencing an action against the United States.  In fact, relevant case law counsels that a failure to exhaust administrative remedies prior to bringing a tort claim against the United States in federal court is not curable.  See McNeil v. United States, 508 U.S. 106, 112 (1993) (holding that a prematurely filed FTCA action may not be maintained even if a claimant exhausts his administrative remedies after filing suit); see also Webb v. United States, 66 F.3d 691, 693 (4th Cir. 1995).

[8]     Supra Part II.A.

[9]     Moreover, the United States provided a declaration from Milton W. Boyd, Assistant Counsel for Litigation for the United States Army Corps of Engineers, Headquarters, in which Boyd declares that "[a]fter a thorough review of [the relevant records within the Army Corps of Engineers for an administrative tort claim associated with the same tort claim presented in this lawsuit], there are no records of an administrative tort claim from Richard Galustian concerning the subject matter of this lawsuit."  Boyd Aff., ECF No. 102-2.

[10]    See supra note 1 and accompanying text.

addresses each exception in turn.

## Intentional Tort Exception

Even if a plaintiff exhausts his administrative remedies, the United States does not waive sovereign immunity against "[a]ny claim arising out of . . . libel, slander, [or] misrepresentation." 28 U.S.C. § 2680(h). Galustian's claims against Holly, and, therefore the United States, see, e.g., Fourth Circuit Order, arise out of Holly's allegedly providing Peter with an Iraqi warrant bearing Galustian's name, even though Holly knew or should have known it was fraudulent, for Peter to distribute to members of the Private Security Company Association of Iraq ("PSCAI"), see Galustian V, 750 F. Supp. 2d at 672, and the resulting "injury to reputation, humiliation and embarrassment, and monetary loss including loss of business in [Galustian's] private security business."[11] Am. Compl. ¶ 69, ECF No. 59. In other words, Galustian seeks damages that flow from Holly's participation in disseminating an allegedly defamatory e-mail.

In Talbot v. United States, 932 F.2d 1064 (4th Cir. 1991), the Fourth Circuit found that the libel and slander exception of 28 U.S.C. § 2680(h) precluded suit against the United States in that case, "[b]ecause the damages [the plaintiff] alleges appear to flow from

---

[11]    Peter is the Director of PSCAI, a non-profit trade association serving the private security industry in Iraq.

past or future communication of the contents of the personnel files
and the resulting injury to [the plaintiff's] reputation," and such
a claim "'resound[s] in the heartland of the tort of defamation: the
injury is to reputation; the conduct is the communication of an idea,
either implicitly or explicitly.'" 932 F.2d at 1066-67 (citations
omitted). This court agrees with the United States that Talbot
establishes that "[a] claim for the communication of allegedly
defamatory information is not cognizable under the FTCA." Mem. in
Supp. of United States' Mot. to Dismiss 6, ECF No. 102; see Williams,
50 F.3d at 305 (remarking that all ambiguities regarding the FTCA's
sovereign immunity waiver are resolved in favor of the United
States). Accordingly, the court FINDS that Galustian's claims
against the United States are, in the alternative, barred under 28
U.S.C. § 2680(h).[12]

### Foreign Country Exception

The FTCA's waiver of sovereign immunity also does not apply to
"[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k).
This foreign country exception exempts the United States from suit
for injuries "suffered in a foreign country, regardless of where the
tortious act or omission occurred." Sosa v. Alvarez-Machain, 542

---

[12] Galustian does not dispute that he cannot maintain suit against
the United States on the claims he brought against Holly. See supra
8.

11

U.S. 692, 712 (2004).   Galustian does not allege any injuries

suffered in the United States.   See Galustian V, 750 F. Supp. 2d at

675 (finding that "Galustian has alleged no facts to support damage

suffered to his reputation in Virginia, independent of his business

in Iraq," and, thus, "Iraq, and not Virginia, was the focal point

of the alleged harm").   Rather, he only alleges injuries suffered

in Iraq.[13]   See Am. Compl. ¶ 1 (providing that the actionable conduct

had the "eventual effect of destroying Plaintiff's existing business

and future potential in Iraq" (emphasis added)); id. ¶¶ 53-54.[14]

Accordingly, the court **FINDS** that Galustian's claims against the

United States are, in the alternative, barred under 28 U.S.C.

---

[13]   Although the location of the alleged tortious conduct is
irrelevant to the sovereign immunity analysis, the court notes that
the claims against the United States only concern Holly's alleged
actions in Iraq.   See Am. Compl. ¶ 4 (alleging that "[a]t the material
time, Holly was the Director of Logistics for the Project and
Contracting Office of the U.S. Army Corps of Engineers' Gulf Region
Division, with an office in Baghdad, Iraq" (emphasis added)); id.
¶ 45 (alleging that Holly "purposefully delivered" the fraudulent
warrant to Peter, "who then operated [PSCAI] from his desk, which
was located literally feet away from Holly's own desk, in Holly's
office in the Green (now International) Zone of Baghdad" (emphasis
added)).

[14]   Galustian also alleges that he is a subject of the United Kingdom
and a resident of the United Arab Emirates ("UAE"), id. ¶ 2, as well
as that GEMINI ISI LIMITED, the company of which he is beneficial
owner and director, is incorporated under the laws of Dubai and the
UAE and does business throughout the Middle East.   The court need
not decide whether such allegations are enough to allege injury in
those countries, because the relevant inquiry is whether Galustian's
alleged injuries were suffered in the United States.   See 28 U.S.C.
§ 2680(k).

§ 2680(k).[15]

### 3. Summary

Galustian failed to exhaust his administrative remedies to bring a claim against the United States. Moreover, his claims are subject to two express exceptions to the FTCA's sovereign immunity waiver. For those reasons, the court **FINDS** that the United States has not waived its sovereign immunity in this case, and, therefore, this court is without subject matter jurisdiction over Galustian's claims against the United States. Accordingly, the court **GRANTS** the United States' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1).

## C. Peter's Second Motion to Drop Party

Peter's Second Motion to Drop Party requests that the court dismiss the United States from this litigation for the reasons set forth in the United States Motion to Dismiss. Because this court grants the United States' Motion to Dismiss,[16] Peter's Second Motion to Drop Party is **GRANTED**.

## D. Peter's Second Motion to Dismiss Amended Complaint

In order to dismiss a case for forum non conveniens, the court must find that Iraq is an adequate and available forum as to all

---

[15]     See supra note 12.

[16]     Supra Part II.B.

13

defendants and that the private and public interest factors enumerated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947) weigh in favor of dismissal. See Galustian IV, 591 F.3d at 731-32. On November 9, 2010, the court dismissed this action as to Holly for lack of personal jurisdiction and, thus, only conducted a forum non conveniens analysis as to Peter, the remaining defendant. Galustian V, 750 F. Supp. 2d at 678. Finding that Iraq was an adequate and available forum as to Peter, as well as that the private and public interest factors weighed in favor of dismissal, the court dismissed the action on the basis of forum non conveniens. Id. at 678-81. Because the United States was subsequently substituted as a defendant, the Fourth Circuit remanded the case for further proceedings, presumably to analyze inter alia whether an Iraqi forum is adequate and available as to both Peter and the United States. However, this court dismisses the United States from the litigation,[17] leaving Peter once again as the sole defendant. Accordingly, the court need only determine whether Iraq is an adequate and available forum as to Peter.

Peter represents that "[n]othing has changed to alter the Court's prior [forum non conveniens] rulings," incorporates his arguments from his previous motions to dismiss, and argues that "dismissal of Plaintiff's claims on the grounds of forum non

---

[17]     Supra Part II.B.

14

conveniens is again appropriate." Mem. in Supp. of Peter's Second Mot. to Dismiss Am. Compl. 4, ECF No. 108; see Mem. in Supp. of Peter's Mot. to Dismiss Compl., ECF No. 7; Mem. in Supp. of Peter's First Mot. to Dismiss Am. Compl., ECF No. 62. Galustian states that he "too will rest on, and incorporate by reference, his previously-submitted briefing on forum non conveniens." Mem. in Opp. to Peter's Second Mot. to Dismiss Am. Compl. 5, ECF No. 114 (citing Mem. in Opp. to Peter's Mot. to Dismiss Compl., ECF No. 10 and Mem. in Opp. to Peter's First Mot. to Dismiss Am. Compl, ECF No. 68). Nothing in the record persuades the court to abandon its November 9, 2010, ruling that Iraq is an adequate and available forum as to Peter and that the private and public factors weigh in favor of dismissal. See Galustian V, 750 F. Supp. 2d at 678-81. Accordingly, the court readopts and incorporates in full the reasoning set forth in its Memorandum Opinion of November 9, 2010, and, for the reasons stated there and above, **GRANTS** Peter's Second Motion to Dismiss the Amended Complaint on the basis of forum non conveniens. Given this ruling, the court does not reach the portion of Peter's Second Motion to Dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III. Conclusion

For the reasons set forth above, the court **DENIES** as **MOOT** Galustian's Motion for Review of Certification.  The court **GRANTS** the United States' Motion to Dismiss and, accordingly, **GRANTS** Peter's Second Motion to Drop a Party.  The court **GRANTS** Peter's Second Motion to Dismiss on the grounds of <u>forum non conveniens</u>.  This action is, therefore, **DISMISSED** without prejudice to be properly filed in Iraq.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to counsel for the parties.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 8, 2011

16